John L. Larkin, J.
The plaintiff, State of New York, brings this action pursuant to CPLR 3212 seeking summary judgment against the defendant.
The facts essentially are undisputed. The defendant, in 1964, was nominated for training under the Public Assistance Intern •Scholarship Program and in so doing executed an “ agreement of responsibility on acceptance of scholarship intern training ” a copy of which is attached as Appendix 3 to the moving papers. The agreement provided, inter alia, that upon completion of certain training the defendant would take internship duties *63 in a supervisory capacity in a welfare agency in New York State for a period of 12 months and that upon completion of that internship he would accept employment as a welfare representative.
Thereupon, and from September, 1964 through June, 1965 the defendant attended Syracuse University School of Social Work for which the New York State Department of Social Welfare paid tuition and fees amounting to $1,450 and subsistence totaling $1,981.04. In June of 1966, the defendant completed his training. The defendant did not graduate in June of 1965. Apparently the defendant had difficulty with his grades and studies because he returned to Syracuse School of Social Work in September, 1965 and continued on until June, 1966 when he graduated. Thereafter, and on June 8, 1966 he was advised to find placement with the Schenectady County Department of Social Welfare but was informed on June 16, 1966 by the Schenectady County Welfare Department that they were unable to hire him as an intern. Thereafter, and on July 5, 1966 he was advised to consider a Binghamton Department of Public Welfare application and on July 28, 1966 the defendant was advised that a placement had been arranged with the Binghamton Department of Public Welfare. The defendant was due to report for work on September 1, 1966 but did not do so. The defendant, on July 25, 1966 accepted a position as Co-ordinator of Community Affairs for the Nassau County Youth Board.
The defendant also seeks summary judgment herein on the grounds that (1) the agreement of responsibility does not require a scholarship recipient to refund moneys advanced by the State upon his failure to accept assigned internship duties and (2) that he did not fail or refuse to accept an intern position and was excused from performance as a result of the State’s failure to place him within a reasonable time. Essentially, the position of the defendant is “ he was to be placed, not sent out * * * to far-reaching locations of the State such as Schenectady and Binghamton # * * to seek out job possibilities ” and presumably he was to be ‘ placed promptly, or at least within a reasonable time after being graduated ”.
The agreement of responsibility on acceptance of scholarship intern training executed by the defendant on August 11, 1964 recites in pertinent part: “ 3) That if I fail or refuse to accept such employment so offered or recommended to me on completion of my internship training, or if I resign or withdraw from such employment before the expiration of said minimum period of employment or resign or withdraw from said school of social *64 work before completion of said graduate study or from such assigned internship duties before completing performance of the same, for a reason other than physical or mental disability or other cause beyond my control, I understand I may be held responsible to the New York State Department of Social Welfare for return of, and in such case I agree to refund to it, the amount expended by it for tuition for my scholarship graduate training and the total of the amounts paid by it for my subsistence during my period of attendance at -said school of social work and any other amounts paid by it to facilitate my attendance at said school of social work. ’ ’
Reduced to its essential ingredients, the facts are as follows: that the defendant agreed to accept the terms of the contract, that the 'State performed and paid his tuition and subsistence in the amount stated, that defendant graduated in early June of 1966 and after some difficulty was placed in a position on July 28, 1966 with a reporting date of September 1, 1966. Therefore, he was hired within two months of his graduation and was to commence work within three months after his graduation. Absent specific times set forth in the contract within which the party is to commence work, a reasonable time is certainly implied. The time it took for the State to place the defendant was certainly reasonable and in these times it was even fortuitous. The agreement .signed by the defendant is clear. and unequivocal. There is no factual issue to resolve. The plaintiff has performed in full. The.defendant is obligated to perform and has failed to do so. As stated by the Appellate Division in State of New York v. Isaacson (37 A D 2d 637) “ The terms of the contract are clear, as is appellant’s default.” The petition of the plaintiff is granted. Summary judgment is granted to the plaintiff.